RANDALL L. ALLEN (SBN 264067)
randall.allen@alston.com
PALANI P. RATHINASAMY (SBN 269852)
palani.rathinasamy@alston.com
**ALSTON & BIRD LLP**
275 Middlefield Road, Suite 150
Menlo Park, CA 94025-4008
Telephone:     650-838-2000
Facsimile:      650-838-2001

JANE FUGATE THORPE (*Pro Hac Vice*)
jane.thorpe@alston.com
SCOTT A. ELDER (*Pro Hac Vice*)
scott.elder@alston.com
**ALSTON & BIRD LLP**
1201 West Peachtree Street
Atlanta, GA 30309
Telephone:     404-881-7000
Facsimile:      404-881-7777

Attorneys for Defendants
MCDONALD'S CORPORATION and
MCDONALD'S USA, LLC.

George Richard Baker (SBN 224003)
**BAKER LAW, P.C.**
2229 1st Avenue North
Birmingham, AL 35203
Telephone: 205.241.9608
Facsimile: 205.449.0050
E-mail: richard@bakerlawpc.com

Attorney for Plaintiff
MONET PARHAM

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MONET PARHAM, on behalf of herself and those similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>McDONALD'S CORPORATION, and McDONALD'S USA, LLC.,<br><br>Defendants. | Case No.: 11-cv-00511-MMC<br><br>**STIPULATED PROTECTIVE ORDER** |

STIPULATED PROTECTIVE ORDER                                                    Case No.: 11-CV-00511 MMC

**IT IS HEREBY STIPULATED AND AGREED** by and between the undersigned as follows:

1. <u>PURPOSES AND LIMITATIONS</u>

This Litigation is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this Litigation is warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Proposed Stipulated Protective Order.

The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled to treatment as confidential pursuant to Section 2.3.

The parties further acknowledge, as set forth in Section 10, below, that this Discovery Confidentiality Order creates no entitlement to file confidential information under seal; Civil Local Rule 79-5 and General Order No. 62 sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the court to file material under seal.

2. <u>DEFINITIONS</u>

2.1. <u>Party</u>: any party to this action and its commonly-controlled entities, and their officers, directors, employees, experts, and outside counsel (and their support staff).

2.2. <u>Discovery Material</u>: all items or information, regardless of the medium or manner generated, stored or maintained (including, among other things, testimony, transcripts, documents, electronically stored information ("ESI"), or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

2.3 <u>Documents and electronic files</u>: as used herein, the terms "documents" and "electronically stored information" have the meanings set forth in Federal Rule of Civil Procedure 34.

2.4. <u>Confidential Information or Items</u>: information (regardless of how generated, stored or maintained) or tangible things that qualify for protection under standards developed pursuant to

Fed. R. Civ. P. 26(c) as "trade secret[s] or other confidential research, development, or commercial information. . . ." This definition includes information or material produced or disclosed that is a "Trade Secret" within the meaning of California's Uniform Trade Secrets Act, Cal. Civ. Code § 3426 *et seq*.

  2.5. <u>Highly Confidential - Outside Counsel Eyes Only Information or Items</u>: any information or material produced or disclosed in this Litigation that is of a highly competitively sensitive nature including, but not limited to, information contained in non-public strategic advertising and marketing plans, purchasing information and proprietary scientific studies, the disclosure of which to another Party or non-Party would create a substantial risk of competitive injury to that Party that could not be avoided by less restrictive means.

  2.6. <u>Litigation</u>: the above-captioned litigation, including any appeals therefrom and any ancillary proceedings thereto.

  2.7. <u>Receiving Party</u>: a Party or non-Party that receives Discovery Material whether directly from the Producing Party or otherwise.

  2.8. <u>Producing Party</u>: a Party or non-Party that produces Discovery Material in this action.

  2.9. <u>Designating Party</u>: a Party or non-Party that designates information or items as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL EYES ONLY," whether or not the Designating Party produced the information in the Litigation.

  2.10. <u>Protected Material</u>: any Discovery Material that is designated as "CONFIDENTIAL" or as "HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL EYES ONLY," and all other material containing information from Confidential or Highly Confidential material, including but not limited to copies, abstracts, compilations, or summaries of such material.

  2.11. <u>Outside Counsel</u>: attorneys who are not employees of a Party or of any commonly-controlled entity but who are members of or employed by the law firm retained to represent or advise a Party in this action, and their employees who are assisting in the Litigation.

  2.12. <u>House Counsel</u>: attorneys who are employees of a Party or to any commonly-controlled entity, and their employees who are assisting in the Litigation.

2.13.   Counsel (without qualifier): Outside Counsel and House Counsel (as well as their support staffs).

2.14   Expert: a person with specialized knowledge or experience in a matter pertinent to the Litigation who has been retained by a Party or its counsel to serve as an expert witness in this action and who is not a current employee of a Party or of a competitor of a Party and who, at the time of retention, is not anticipated to become an employee of a Party or a competitor of a Party. This definition includes a jury or trial consultant retained in connection with this Litigation.

2.15   Professional Vendors: persons or entities that provide litigation support services *(e.g.* photocopying, videotaping, translating, preparing exhibits or demonstrations, organizing, storing, retrieving data in any form or medium, etc.) and their employees and subcontractors.

2.16   Center for Science in the Public Interest ("CSPI") Employees: employees other than members of CSPI's Litigation Project do not qualify as "employees who are assisting in the Litigation" pursuant to Section 2.12.  Such construction does not preclude such employees from being designated under other categories described in this Order.

3.   SCOPE

The protections conferred by this Order cover not only Protected Material, but also any information copied or extracted therefrom; copies, excerpts, summaries, or compilations that reveal the contents of Protected Material; and testimony, depositions, discovery responses, conversations, or presentations by Parties, Counsel, or anyone else who has received Protected Material, in court or in other settings that might reveal Protected Material.

4.   DURATION

Even after the termination of this Litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

5.   DESIGNATING PROTECTED MATERIAL

5.1.   Exercise of Restraint and Care in Designating Material for Protection. Each Designating Party must limit any designation to that portion of material that is entitled to treatment as confidential pursuant to Section 2.4, so that other portions of the material to which protection is

1   not warranted are not swept unjustifiably within the ambit of this Order. Mass, indiscriminate, or
2   blanket designations are prohibited.

3       If it comes to a Designating Party's attention that Protected Material it designated does not
4   qualify for protection at all, or does not qualify for the level of protection initially asserted, that
5   Designating Party must promptly (1) notify all Parties that it is withdrawing the original designation
6   and (2) provide copies with confidentiality designations removed.

7       5.2.   <u>Manner and Timing of Designations</u>. In order to designate a material as Confidential
8   or Highly Confidential, the Designating Party shall, prior to production (except as otherwise
9   provided (see, e.g., second paragraph of section 5.2(a)) or as otherwise stipulated or ordered):

10       (a)   <u>for hard copy documents</u> (apart from transcripts of depositions or other
11   pretrial or trial proceedings), affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL -
12   OUTSIDE COUNSEL EYES ONLY" prominently on each page that contains protected material.

13       A Party or non-Party that makes original documents or materials available for inspection
14   need not designate them for protection until after the inspecting Party has indicated which material
15   it would like copied and produced. During the inspection and before the designation, all of the
16   material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL -OUTSIDE
17   COUNSEL EYES ONLY." After the inspecting Party has identified the documents it wants copied
18   and produced, the Producing Party must determine which documents, or portions thereof, qualify
19   for protection under this Order, then, before producing the specified documents, the Producing Party
20   must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - OUTSIDE
21   COUNSEL EYES ONLY") on each page that contains Protected Material.

22       (b)   <u>for testimony given in deposition or in other pretrial or trial proceedings</u>,
23   identify the protected portions as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL -OUTSIDE
24   COUNSEL EYES ONLY" on the record before close of the deposition, hearing, or other
25   proceeding, or (ii) in the alternative, within seven calendar days after counsel has received the final
26   transcript. All information disclosed during the testimony shall be deemed "HIGHLY
27   CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY" until the expiration of the seven day
28   period, whether or not any portion of the transcript has been so designated previously.

If confidentiality designations are provided on the record before the close of the deposition, the Court Reporter shall bind transcript pages containing Protected Material separately and shall prominently affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL EYES ONLY," to each appropriate page, as instructed by the Designating Party. Designations provided after receipt of the transcript shall be made in writing and shall identify designated parts of the deposition by page and line number.

(c) <u>For Electronically Stored Information "ESI"</u>: each page will be labeled either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL EYES ONLY," as appropriate; if not technologically practical, then as provided in paragraph (d) below.

(d) For any information that cannot be labeled as confidential, the Producing Party shall affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL EYES ONLY," or on the item itself, and shall write a letter to the other Parties stating the material and its level of designation.

5.3  The Parties may review and designate, or counter-designate with a higher designation, Discovery Materials produced by any non-Party pursuant to a subpoena that contains or is derived from information that a Party could have designated had it been producing the material. Designations pursuant to this paragraph 5.3 shall be made in writing within 15 days of the Party's receipt of the Discovery Materials, and the designating Party shall provide to all Parties and to the non-Party producing the Discover Materials a copy of the materials bearing the confidentiality designations.

5.4.  <u>Inadvertent Failures to Designate</u>. An inadvertent failure to designate qualified information or items as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL EYES ONLY" does not waive the Designating Party's right thereafter to designate Discovery Material as Protected Material under this Order. Upon receipt of such a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order. The Designating Party shall promptly produce new copies of the material at issue, with the proper designation. Upon receiving those copies, the Receiving Party

shall promptly destroy any copies that do not include the proper designation and shall request all persons to whom the Receiving Party has provided copies to do likewise. The Receiving Party will inform the Designating Party when destruction of the copies has been completed.

      5.5.   <u>Inadvertent Production of Privileged Materials</u>. If a Producing Party produces information that it later concludes should have been withheld from production as privileged or otherwise protected from disclosure, the production of that information will not be presumed to constitute a waiver of any applicable privileges or other protection. In these circumstances, the Producing Party must promptly notify all Parties in writing of the inadvertent production and the basis for the privilege or other protection from production, and request in writing the return or confirmed destruction of the privileged or protected information. Within five business days of receiving such notification, and in compliance with the Receiving Parties' ethical obligations under the law, all Receiving Parties who have not already reviewed such materials or who have reviewed the materials but do not contest the applicability of the privilege asserted must return or confirm destruction of all such materials, including copies and/or summaries thereof. However, should a Receiving Party contest the applicability of a privilege asserted with respect to an inadvertently produced document that the receiving Party has already reviewed, the Receiving Party may temporarily retain the document or documents at issue for the sole purpose of contesting the applicability of the privilege asserted. Within five business days of the issuance of a court order deeming the contested documents at issue privileged or otherwise protected, however, the Receiving Party must return or confirm destruction of all such materials, including copies and/or summaries thereof.

      5.6.   <u>Preliminary Designation of Documents Produced by Third Parties</u>. In order to provide the parties an adequate opportunity to designate Discovery Materials as Protected Materials, all Discovery Materials produced in this case by third parties shall be deemed "HIGHLY CONFIDENTIAL OUTSIDE COUNSEL EYES ONLY," whether or not stamped with that legend, for a period of 15 days following production to each Party.

//

//

6. <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

    6.1.   <u>Timing of Challenges</u>. A Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

    6.2.   <u>Meet and Confer</u>. A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by conferring directly with counsel for the Designating Party. In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first.

    6.3.   <u>Judicial Intervention</u>. A Party that elects to press a challenge to a confidentiality designation after considering the justification offered by the Designating Party may file and serve a motion under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5 and General Order No. 62, if applicable) that identifies the challenged material and sets forth a basis for the challenge. Each such motion must be accompanied by an affidavit that affirms that the movant has complied with the meet and confer requirements imposed in the preceding paragraph (and Civil Local Rule 37-1) and sets forth a brief description of the justification for the confidentiality designation that was given by the Designating Party in the meet and confer dialogue. The Designating Party seeking to maintain the confidentiality designation where it has been challenged shall bear the burden of proving that the confidentiality designation should be maintained. Until the court rules on the challenge, all parties shall continue to afford the material in question the level of protection under the Producing Party's designation.

7. <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>

    7.1   <u>Restriction On Use of Protected Material</u>. A Receiving Party may use Protected Material only for prosecuting, defending, or attempting to settle this Litigation. Persons receiving Protected Materials must not disclose that information to any person except as set forth in this

1  Order.

2      7.2.    Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that reasonably ensures that access is limited to the persons authorized under this Order.

    7.3.    <u>No Restrictions on Use of Own Information</u>. Notwithstanding any other provision of this Order, this Order does not restrict in any way a Party or non-Party's use of any Discovery Materials that they produced and/or designated or their right to provide such information to any person, even if others have designated similar information as Protected Material. A person's use or disclosure of its own information will not waive the protections of this Order (provided that such disclosure is not so widespread as to make the material ineligible for protection), and shall not entitle any other Party, non-Party, or their Counsel to use or disclose such Discovery Materials, or the contents thereof, in violation of this Order.

    7.4.    <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the Court or permitted in writing by the Designating Party and except as permitted by Section 7.3 ("No Restrictions on Use of Own Information"), a Receiving Party may disclose any information designated CONFIDENTIAL only to:

    (a)    the Receiving Party's Outside Counsel in this Litigation, as well as employees of said Counsel, to whom it is reasonably necessary to disclose the information for this Litigation;

    (b)    the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Litigation;

    (c)    Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Litigation only if he or she has agreed in writing by executing the Acknowledgement and Agreement to be Bound by Discovery Confidentiality Order ("Acknowledgement and Agreement") attached hereto as Appendix A, or on the record during a deposition, to be bound by this Discovery Confidentiality Order;

    (d)    the Court and its personnel;

    (e)    court reporters and their staffs, who have agreed to be bound by this Confidentiality Agreement by executing Appendix A;

(f) Professional Vendors to whom disclosure is reasonably necessary for this Litigation, provided they are informed that the material is Protected Material and have agreed to protect the confidentiality of the material;

(g) during a deposition or other testimony, witnesses in the action to whom disclosure is reasonably necessary, after having provided to the witness this Stipulation and Order, which shall thereafter be binding on the witness;

(h) former employees of the Receiving Party or other persons whom counsel reasonably believes may be witnesses in this Litigation, during interviews by counsel or in preparation for testimony, provided that (a) such persons have signed the Acknowledgement and Agreement attached hereto as Appendix A, and (b) such persons are not permitted to copy or retain the Protected Material;

(i) any person who is shown on a document as having authored, sent, or received the document to whom it is reasonably necessary to disclose the information for this Litigation, provided that such persons are not permitted to copy or retain the Protected Material.

7.5. <u>Disclosure of "HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL EYES ONLY" Information or Items</u>. Unless otherwise ordered by the Court or permitted in writing by the Designating Party and except as permitted by Section 7.3 ("No Restrictions on Use of Own Information"), a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL EYES ONLY" only to:

(a) the Receiving Party's Outside Counsel in this Litigation, as well as employees of said Counsel, to whom it is reasonably necessary to disclose the information for this Litigation;

(b) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Litigation only if he or she has agreed in writing by executing the Acknowledgement and Agreement attached hereto as Appendix A, or has agreed on the record during a deposition to be bound by this Discovery Confidentiality Order;

(c) the Court and its personnel;

(d) court reporters and their staffs who have agreed to be bound by this

Discovery Confidentiality Order by executing Appendix A;

  (e) Professional Vendors to whom disclosure is reasonably necessary for this Litigation, provided they are informed that the material is Protected Material and have agreed to protect the confidentiality of the material;

  (f) Employees of the Producing Party to whom it is reasonably necessary to disclose the information for this Litigation;

  (g) any person who is shown on a document as having authored, sent, or received the document to whom it is reasonably necessary to disclose the information for this Litigation, provided that such persons are not permitted to copy or retain the Protected Material.

8. <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

If a Receiving Party is served with a subpoena or an order that would compel disclosure of Protected Materials, the Receiving Party must so notify the Designating Party, in writing (by email or fax, if possible) as promptly as practical and in no event more than three court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

The Receiving Party also must immediately inform in writing the person who caused the subpoena or order to be issued that some or all the material covered by the subpoena or order is the subject of this Discovery Confidentiality Order. In addition, the Receiving Party must deliver a copy of this Discovery Confidentiality Order promptly to the Party in the other action that caused the subpoena or order to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of this Discovery Confidentiality Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued. The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its confidential material - and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court or regulatory authority.

9. **UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Discovery Confidentiality Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the Acknowledgement and Agreement that is attached hereto as Appendix A.

10. **FILING PROTECTED MATERIAL**

Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material unless it is sealed or otherwise restricted form public access.  A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5 and General Order No. 62.  For purposes of compliance with filing deadlines, it shall be sufficient for a Party to serve on the other Parties a copy of the paper containing the Protected Material and to contemporaneously comply with L. Civ. R. 79-5 and General Order No. 62 with regard to the filing of any paper(s) that contain protected material.

11. **FINAL DISPOSITION**

Unless otherwise ordered or agreed in writing by the Producing Party, within 30 days after the final termination of this Litigation (including all appeals and the expiration of time to file such appeals) and upon written request of the Producing Party, each Receiving Party, except the Court and its personnel, must either return all Protected Material to the Producing Party or destroy the Protected Material, and so certify in writing to the Producing Party (or if not the same entity, the Designating Party). Receiving Parties shall also instruct Experts and others to whom they provided Protected Materials to destroy or return those materials.  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence, or attorney work product that incorporates small amounts of Protected Material as part of a legal analysis (but not to retain databases or other substantial collections of Protected

Material).  Any such archival copies that contain Protected Material remain subject to this Discovery Confidentiality Order.

12.     MISCELLANEOUS

   12.1.   Right to Additional or Different Relief. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future, nor does the Order prevent any party from seeking additional or different protections from the Court with respect to Discovery Materials in this case.

   12.2.   Right to Assert Other Objections. By stipulating to the entry of this Discovery Confidentiality Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Discovery Confidentiality Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered in this Discovery Confidentiality Order.

   12.3    The Parties agree to be bound by the terms of this Protective Order pending its entry by the Court, or pending the entry of an alternative thereto which is satisfactory to all Parties, and any violation of its terms shall be subject to the same sanctions and penalties as if the Protective Order had been entered by the Court.

It is so stipulated, through counsel of record:

DATED:  April 12, 2011              Respectfully submitted,

                                    ALSTON & BIRD LLP


                                    By:            */s/ Scott A. Elder*
                                          Scott A. Elder
                                    Attorneys for Defendants
                                    McDONALD'S CORPORATION and
                                    McDONALD'S USA, LLC

DATED: April 12, 2011                    BAKER LAW P.C.


By:  _____/s/ George Richard Baker_____
     George Richard Baker
     Attorneys for Plaintiff
     MONET PARHAM


**FILER'S ATTESTATION**

Pursuant to General Order No. 45, Section X (B) regarding signatures, I, Palani P. Rathinasamy, attest that concurrence in the filing of this document has been obtained.

                              */s/ Palani P. Rathinasamy*
                              Palani P. Rathinasamy

[Seal: UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA — IT IS SO ORDERED, Judge Maxine M. Chesney]      Dated: April 26, 2011

# APPENDIX A
## ACKNOWLEDGEMENT AND AGREEMENT
## TO BE BOUND BY DISCOVERY CONFIDENTIALITY ORDER

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Discovery Confidentiality Order that was issued by the United States District Court for the Northern District of California on _____ in the case of *Parham et al. v. McDonald's Corporation & McDonald's USA, LLC*, Case No. 11-cv-00511-MMC. I agree to comply with and to be bound by all the terms of this Discovery Confidentiality Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Discovery Confidentiality Order to any person or entity except in strict compliance with the provisions of this Order,

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Discovery Confidentiality Order, even if such enforcement proceedings occur after termination of this action.

Date:_____

City and State where sworn and signed: _____

Printed name: _____
[printed name]

Signature: _____
[signature]

LEGAL02/32494081v2