United States District Court

For the Northern District of California

1

2

3

4

5

6

7        IN THE UNITED STATES DISTRICT COURT

8        FOR THE NORTHERN DISTRICT OF CALIFORNIA

9

10   MONET PARHAM, on behalf of herself and        No. C 11-511 MMC
     those similarly situated,

11                                                 **ORDER GRANTING PLAINTIFF'S**
               Plaintiff,                          **MOTION TO REMAND**

12
         v.
13
     McDONALD'S CORPORATION, and
14   McDONALD'S USA, LLC.,

15             Defendants.
     _____/
16

17        Before the Court is plaintiff Monet Parham's ("Parham") motion to remand, filed

18   April 21, 2011.  Defendants McDonald's Corporation and McDonald's USA, LLC

19   (collectively, "McDonald's") have filed opposition, to which Parham has replied.  The matter

20   came on regularly for hearing on July 15, 2011.  Stephen H. Gardner of the Center for

21   Science in the Public Interest appeared on behalf of Parham; Scott A. Elder and Randall L.

22   Allen of Alston and Bird LLP appeared on behalf of McDonald's.  The Court, having

23   considered the papers filed in support of and in opposition to the motion, as well as the

24   arguments of counsel, and for the reasons stated on the record at the hearing, hereby rules

25   as follows.

26        1.  Contrary to Parham's assertion, the declarations of Peter Sterling are not

27   inadmissible on grounds of perjury, hearsay, or any other asserted basis.

28        2.  Given the questionable applicability of the "legal certainty" standard to a case

1    removed on the basis of a defendant's costs rather than a plaintiff's recovery, see

2    Guglielmino v. McKee Foods Corp., 506 F.3d 696, 699 (9th Cir. 2007) (discussing

3    applicability of "legal certainty" and "preponderance of the evidence" standards to removal

4    under Class Action Fairness Act ("CAFA")), the Court has considered the sufficiency of

5    McDonald's showing under both the "legal certainty" standard and the "preponderance of

6    the evidence" standard.

7         3.  The Court finds, under either standard, McDonald's has failed to meet its burden

8    of showing the amount in controversy meets CAFA's jurisdictional threshold.  In particular,

9    although McDonald's has made a sufficient evidentiary showing to support its calculation of

10   costs associated with advertising Happy Meals "on a local and regional basis rather than a

11   nationwide basis" (see Opp. 9:5-10), the Court finds such costs are "incidental" to, rather

12   than "directly produce[d]" by, the requested injunction.  See In re Ford Motor Co., 264 F.3d

13   952, 958 (9th Cir. 2001) (holding, where injunctive relief sought, "amount in controversy is

14   the pecuniary result to either party which the judgment would directly produce"); Tompkins

15   v. Basis Research LL, No. CIV. S-08-244 LKK/DAD, 2008 WL 1808316, at *4 (E.D. Cal.

16   Apr. 22, 2008) (excluding from amount in controversy costs "incidental" to injunction).

17   Contrary to McDonald's argument, an alteration in a defendant's business practice is not

18   cognizable for purposes of removal unless such alteration is "require[d]" by the requested

19   relief.  See In re Brand Name Prescription Drugs Antitrust Litig., 123 F.3d 599, 609 (7th Cir.

20   1997) (noting "amount in controversy would be present if the injunction sought by the

21   plaintiffs would require some alteration in the defendant's method of doing business that

22   would cost the defendant at least the statutory minimum amount") (citing McCarthy v.

23   Amoco Pipeline Co., 595 F.2d 389, 391 (7th Cir. 1979) (holding, where plaintiff sought

24   injunction enjoining defendant from using plaintiff's land for pipeline and requiring

25   defendant to remove pipeline, defendant's cost of removal and value to defendant in

26   maintaining pipeline properly considered in determining amount in controversy)).

27        4.  Accordingly, Parham's motion to remand is hereby GRANTED and the action is

28

1   hereby REMANDED to the Superior Court of California in and for San Francisco County.

2       **IT IS SO ORDERED**.

3

Dated: July 20, 2011

4                                MAXINE M. CHESNEY

                                   United States District Judge